[Civ. No. 2331. Second Appellate District, Division One.—March 7, 1919.]

M. E. POST, Appellant, v. GEORGE C. FETTERMAN et al., Respondents.

[1] APPEAL—FINDING ON CONFLICTING EVIDENCE.—In this action on a promissory note executed by a husband and wife, a finding, upon conflicting evidence, that as to the wife the note was executed without consideration will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jesse F. Waterman for Appellant.

F. E. Davis for Respondent Rosa Fetterman.

CONREY, P. J.—This action is upon a promissory note executed by the defendants to the plaintiff. The court found that as to the defendant Rosa Fetterman, the note was executed without consideration and held that she was not liable thereon. Judgment was entered against the defendant George C. Fetterman alone. Plaintiff appeals from the judgment entered in favor of Rosa Fetterman.

Appellant claims that the finding above noted is not supported by the evidence. This is the only ground of appeal presented for our consideration. The note was given on account of moneys which had been advanced by plaintiff for the benefit of George C. Fetterman. The plaintiff testified that when Mr. Fetterman requested him to advance this money Fetterman promised that he would have his wife sign the note when the amount was fixed, and that as a result of that conversation he advanced the money. Mr. Fetterman, on the other hand, testified that prior to the time of the plaintiff's paying out any money, the matter of a note to be given by George C. Fetterman and Rosa Fetterman was not mentioned at all, and that the plaintiff never at any time requested of him that he should have his wife sign the note. Mrs. Fetterman testified that she did not receive anything at all for the execution of the note, and that she simply signed the note at the request of her husband without reading it. No new consideration accompanied the making of the note. Appellant's counsel argues that the testimony of Mr. Fetterman is not entitled to credit, because he verified the answer and cross-complaint and on the witness-stand admitted certain facts which are in conflict with some of the allegations of his pleadings which he had verified. Nevertheless, the trial court had the right to believe his testimony on the question here at issue. [1] No sufficient reason has been shown to this court on appeal to set aside the judgment merely because a material finding of fact is based upon conflicting evidence.

The judgment is affirmed.

Shaw, J., and James, J., concurred.